On May 30,1975 the court issued the following order:
Before Nichols, Judge, Presiding, Durfee, Senior Judge, and Kashiwa, Judge.
“Plaintiff is the trustee in bankruptcy of the estate of Inter-Helo, Inc., a Government contractor. Its dispute with the Interior Department, resolved against it below, is now before us under the Wunderlich Act, 41 U.S.C. §§ 321, 322 for review of a decision of the Interior Department Board of Contract Appeals. We conclude after briefing and oral argument that the Board has erred in its application of the parole evidence rule and that further proceedings before it must now ensue.
“The contract awarded was of the open-ended requirements type, for helicopter services to be used by defendant in surveying remote areas of the American West. It called for a minimum of 100 service hours, maximum 525, to be performed between November 6, 1967, through March 1, 1968, with a time extension period of 30 days. These figures were reduced by consent from figures originally stated in the bid invitation, because of Government financial stringency. Though defendant had the use of plaintiff’s helicopters reserved exclusively for 'this contract, defendant paid only a figure per flying hour. Plaintiff claims it was agreed and understood beforehand that its helicopters, once work was started, would be used at a rate of 7 flying hours a working day, weather permitting, until the work was finished. The Board calculated that, within the contract, defendant without a breach could use the helicopters at as little as 1.33 hours per day. It deemed that showing any agreed larger figure was contrary to the parole evidence rule. Defendant’s actual use worked out, per Board calculation, at over 5 hours per day through March 1, and thereafter 2.47, plaintiff having crashed a heli *954 copter on February 27. Defendant increased its rate of use somewhat in response to plaintiff’s complaints, though it asserted the agreed rate was 5 hours.
“Use at only a 1.33 hour rate would be absurd from every point of view. The written contract was manifestly incomplete in not specifying a daily rate of use, a matter vital to plaintiff since it could not use its helicopters for any other pu:rpose during the contract life.
“Recent decisions of this court (since the Board opinion) make it clear that oral discussions at pre-award conferences, and the practice of the parties during performance, may be considered to resolve ambiguity in a contract or supplement it with additional terms. Sylvania Elec. Products, Inc. v. United States, 198 Ct. Cl. 106, 458 F. 2d 994 (1972); Macke Co. v. United States, 199 Ct. Cl. 552, 467 F. 2d 1323 (1972). The parole evidence rule by these authorities would bar plaintiff from varying the written terms of the contract or repudiating an express clause that the written contract embodies the entire agreement of the parties, neither of which does plaintiff attempt to do here, as we understand. The Board should have allowed plaintiff to show a pre-award agreement, or an express or implied concession as to rate of use. The record reflects, e.g., apparently erroneous exclusion of a chart or plan, used by defendant as a basis for discussion, pre-award, that shows rates of use anticipated under several contracts (plaintiff had others than this) with a 7 hour rate for this one.
“We express no opinion whether the record, enlarged as we deem it should be, will show plaintiff is entitled to recover, or not.
“Accordingly, the cause is remanded to the Interior Department Board of Contract Appeals for further proceedings consistent with this order, under authority of Public Law 92-415, 86 Stat. 652, amending 28 U.S.C. § 149Í. Pursuant to Rule 149, proceedings in this court shall be suspended for 6 months. Counsel for plaintiff is designated to give the advice as to the status of - the proceeding on remand, per Rule 149 (f), at intervals of 90 days beginning with the date of this order.”